FILED
6/26/25 12:38 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| Zachary R. Waldman ) | Case No. 23-21367-GLT |
| ) | |
| ) | |
| Debtor, ) | Chapter 7 |
| ) | |
| Rosemary Crawford, ) | Hearing Date: June 26, 2025 @ 10:30 am |
| Trustee Applicant, ) | |
| v. ) | |
| Zachary R. Waldman, ) | |
| United States of America, Internal ) | Related to Docket No. 46 |
| Revenue Service; ) | |
| Commonwealth of Pennsylvania ) | |
| Department of Revenue; ) | |
| County of Allegheny; ) | |
| City of Pittsburgh; ) | |
| Pittsburgh Public School District; ) | |
| PNC Bank ) | |
| ) | |
| Respondents ) | |

**ORDER OF COURT**

AND NOW, to wit, this _26th Day of June_____, 2025, the Court having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1. Debtor, is the sole owner of real estate located at 1337 Shady Ave., County of Allegheny, Commonwealth of Pittsburgh, 15217 and having a Block Lot Number of 85-R-295 ("Real Estate").

2. Based on a Title Commitment obtained by the Trustee, the liens and encumbrances against the Estate's interest in and to the said Real Property in the order of their priorities, are as follows, to wit:

    a. Current and past due taxes due to Allegheny County, City, and School District.

1

   b. Mortgage from Zachary R. Waldman, dated May 6, 2016, and recorded May 26, 2016, in Mortgage Book Vol. 46489, Page 413, in the Office of the Dept. of Real Estate of Allegheny County, Pennsylvania, to PNC Bank securing repayment of an indebtedness in the original principal amount of $395,575.00.

  3. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

  4. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

  5. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, all of which are divested from the Real Property, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose.

  6. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

  7. Closing shall occur on or before 60 days from the date the Order of Sale becomes final, or at such other time as may be acceptable to the Trustee's counsel, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Purchaser shall be responsible for completing any and all documents necessary for the sale, and shall present said documents to the Trustee for review and signature.

  8. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, in which case the purchaser shall be liable for any deficiency.

9. The Trustee is hereby authorized to execute any documentation necessary and/or appropriate to convey the real estate. The Trustee shall have authority to execute such documents regardless of whether the estate has been closed and the Trustee discharged.

10. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property

11. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

12. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

13. PNC Bank will receive a minimum of $317,386.36, or such other amount as may be agreed to between PNC Bank and the Trustee, in connection with the sale of the Real Property.

14. The bankruptcy estate will receive $18,500.00 from the proceeds of the sale.

15. The proceeds payable to the bankruptcy estate shall be used as follows, to wit:

(a) to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;
(b) to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and
All remaining funds shall be held by the Trustee pending further Order of this Court.

16. The sale of the real estate to ZIJIAN HUANG, his/her/ its heirs, successors and/ or assigns for a consideration of $370,000 is authorized, approved and confirmed; for the purchase price of $370,000 so long as a sale occurs and all monies due are paid within Thirty (30) days of this Order.

_____

17. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

      18. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on _May 13, 2025_, in the Pittsburgh Legal Journal on _May 19, 2025_ and in the Pittsburgh Post-Gazette on __May 15, 2025___, as shown by the Proofs of Publication duly filed.

      19. The Trustee shall file a Report of Sale within 20 days from the date of Closing, or as soon thereafter as is practicable.

      20. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

      21. The court shall retain jurisdiction to enforce the provisions of this Order.

Date: _ June 26, 2025

                                                       Chief Judge Gregory L. Taddonio
                                                       United States Bankruptcy Judge

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-21367-GLT |
| Zachary R. Waldman | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jun 26, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 28, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Zachary R. Waldman, 2403 Sidney Street, Suite 208, Pittsburgh, PA 15203-2152 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jun 28, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 26, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jeffrey Hunt | |
| | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com |
| Keri P. Ebeck | |
| | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Matthew Fissel | |
| | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Office of the United States Trustee | |
| | ustpregion03.pi.ecf@usdoj.gov |
| Rodney D. Shepherd | |
| | on behalf of Debtor Zachary R. Waldman rodsheph@cs.com |
| Rosemary C. Crawford | |
| | on behalf of Trustee Rosemary C. Crawford crawfordmcdonald@aol.com  PA68@ecfcbis.com |

District/off: 0315-2 | User: auto | Page 2 of 2
Date Rcvd: Jun 26, 2025 | Form ID: pdf900 | Total Noticed: 1

Rosemary C. Crawford        crawfordmcdonald@aol.com  PA68@ecfcbis.com

TOTAL: 7